UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Henry E. Holz II,                                         Case No.  3:21-cv-2333
             Petitioner

    v.                                                    MEMORANDUM OPINION
                                                          AND ORDER

Sheriff of Erie County,

             Respondent

*Pro se* Petitioner Henry E. Holz II has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241.  (Doc. No. 1.)   In his Petition, he indicates he is a state pretrial detainee detained in the Erie County Jail, awaiting trial in a pending criminal case in the Erie County Court of Common Pleas.  He asserts four claims relating to the ongoing state proceedings against him.   He contends: (1) his speedy trial rights have been violated; (2) his bond was revoked without good cause; (3) he has been denied due process because his motion to dismiss has not yet been heard; and (4) the "court and its officers hold prejudice against [him]."  (*Id.* at 6-7, ¶ 13.)

For relief, he seeks "release from custody" and reinstatement of his bond.   (*Id.* at 7, ¶ 15.)  With his Petition, he has filed a motion to proceed *in forma pauperis*.  (Doc. No. 2.)   That motion is granted.  For the reasons stated below, however, his Petition is dismissed.

Federal courts conduct initial review of *habeas corpus* petitions.   *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).   A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).  "No return is necessary when the petition is frivolous, or

1

obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Upon review, I find that the Petition must be dismissed.

Although a petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, he may not seek habeas relief to forestall state prosecution altogether, as Petitioner appears to do here. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973); *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Further, even where 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, courts must abstain from the exercise of such jurisdiction "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546. Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas corpus challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *Laird v. Pinkney*, No. 1:17-cv-59, 2017 WL 1854736, at *2 (N.D. Ohio May 5, 2017).

The Petition on its face does not make this showing.

To the extent Petitioner seeks dismissal of his pending state charges and release from custody, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. And to the extent he may be seeking a speedy trial or other relief, the Petition is premature because he has not fully exhausted his claims in the trial court and pursued state appellate remedies available to him. The state courts must first be given a fair opportunity to rule upon the merits of Petitioner's claims before he presents them for federal habeas corpus review.

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus is denied, and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus*

Cases. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

    So Ordered.

s/Jeffrey J. Helmick
United States District Judge
